Tbe opinion of tbe Court was delivered by
Witheks, J.
In tbis case, wbicb is an action against-tbe defendant on a prison bounds’ bond, tbe leading question is, whether Charles Cowing, (tbe principal in tbe bond, and an applicant for tbe benefit of tbe Insolvent Debtors’ Law,) has been convicted of default, in not rendering “to tbe Clerk of tbe District, a schedule of bis whole estate.”
Upon a trial bad upon suggestion by tbe creditors contesting tbe right of Charles Cowing to be discharged, tbe jury found, inter alia, as follows: that “Charles Cowing has fraudulently assigned and conveyed tbe whole of bis personal estate to bis son Bodney Cowing, without good or valid consideration, and with a fraudulent understanding and intention of securing to himself a benefit out of bis estate, at tbe expense and to tbe injury of bis creditors, by retaining possession of bis estate so assignedthat “ since tbe assignment by tbe defendant (Charles Gowing), to bis son Bodney Cowing, be has remained in possession, and used and enjoyed as bis own, tbe assigned effects, contrary to law, and with tbe frau *12 dulent intention of hindering the plaintiffs and others of his creditors in the collection of their debts.”
The verdict does not, in express terms, find that the schedule was false and fraudulent, nor does it use the words that Charles Gowing had not included “ his whole estate/’ in his schedule. But that is certain which can be rendered so bj what appears, and necessarily imports the certainty. It is found, by the verdict of the jury, that Gowing was in possession of an estate which was his own, and ought to have been rendered to the creditors, and was not. He had attempted to cover it by-fraudulent transfer to his son, but retained the “possession” and “used and enjoyed it as his own.” We do not know what were the contents of the schedule, since no copy appears in this case, nor is any found in that of Charles Gowing ads. Brandon & Nethers, reported in 7 Bich. 459. But it was the duty of Gowing to include the effects, referred to in the verdict on the suggestion, in his schedule, and to assign them to the assignee, whatever liens might exist. Much more was this necessary to an account of his “whole estate,” to a “just and fair account of his estate,” to an account which should not be “ a false return,” “ a false schedule,” (all which phrases are used, touching the schedule required by the Act of 1788,) when, as the verdict finds, he was in possession of such effects, just as he had theretofore been, free from any honest or legal claim on the joart of any other'person. - The verdict wiped out the transaction between Charles and Bodney Gowing, and the former having possession of the effects, was in the same situation, as respects his schedule, as if that transaction had never existed. It was as false, as incomplete, as fraudulent an account of his whole estate, as though the contrivance with his son had never existed. It was not a case in which he had “fraudulently sold, conveyed, or assigned his estate to defraud his creditors,” irrespective of time, and had parted with the possession and control and use of the same, and, therefore, we need say nothing as to that *13 transaction touching a breach of the prison bounds’ bond, as here assigned against a surety. If G-owing had put his effects into the keeping of a friend, who was to hold for him. and his use, and omitted them from his schedule under a mere pretext that his friend was legal owner, who can doubt, that such a schedule would not contain an account of his whole estate, would not be just and fair, would be a false schedule ? 'The oath to be administered, as it respects the debtor’s schedule, requires him to swear, that “it doth contain a full and true account of all my real and personal estate, debts, credits, and effects whatsoever, without exception, which I, or any person in trust for me, have,” &c. We think that Charles Growing was convicted of an act which is quite tantamount to that assigned as a breach in this action, and that, therefore, the plaintiff was entitled to recover a verdict. It is, however, not questioned, that the debtor may fail to procure his discharge for sundry causes that would not visit liability upon the sureties to his prison bounds’ bond. In the cases of Arrants v. Dunlap, and Cavan v. The Same, (Cheves, 28, 243,) there was no proceeding against a surety. In that litigation, it was adjudged, (Butler, J., strongly dissenting,) that a previous assignment of property embraced in the schedule, and therein stated to have been assigned, which assignment was found to be “ false and fraudulent,” was enough to retain the debtor a prisoner in the case upon which he had been arrested, but that this verdict was not- equivalent to one finding a false schedule where other creditors subsequently opposed the 10th Sec. of the Prison Bounds’ Act, to show, that the prior verdict disabled the same applicant to claim the benefit of the insolvent laws. There the debtor did include, literally, in his schedule, his whole estate, but sought to recognize and impose an unfounded and fraudulent lien on it. It is manifest that there is a great difference between putting an assignee in possession, or giving him the means of possession, of effects, though recognizing a pretensive lien on them, -and omitting *14 them altogether in the account, withholding possession and any means of gaining it, and interposing for that purpose a pretensive and fraudulent transfer by instrument of writing only.
The first ground for new trial is not pressed here, but the second is, and is well founded. The case of Baker, Johnson & Co. v. Bushnell, 2 M'Mul. 21, is a full authority to establish that the costs of the trial, upon the suggestion against Charles Cowing, are not chargeable in this action against his surety. These costs amount to fifty-two dollars and fifty-nine cents, which sum has been included in the yerdict. There must then be a new trial in this case, unless the plaintiffs, or their attorney, shall remit, in writing upon the record and the execution, the sum of fifty-two dollars and fifty-nine cents, on or before the first Monday in March next; and, it is ordered further, that due notice of this order be forwarded to the Clerk of the Court of Union District, who shall cause the same to be served, in due time, upon the plaintiffs, or their attorney, by the sheriff of said district, and the service therd'of to be returned proved, to his office.
O’Neall, Waedlaw, Whitkee, G-loveR and MtjNeo, JJ., concurred.

Motion granted nisi.